## FIDELITY & CASUALTY CO. v. UNION SAVINGS BANK CO. et.

Ohio Appeals, 7th Dist., Jefferson Co.

**First Publication of This Opinion.**

Syllabus by Editorial Staff.

261. COMMON LAW—291. Constitutional Law—1101a. State Contracts.

Prerogatives of the state do not come from the common law but from the sovereign power of the people, hence, the right of the state to any preference must be founded on constitution or statute express or implied.

1140. SURETY AND SURETYSHIP—126. Banks and Banking.

Surety has no recourse against funds of depositors in an insolvent bank for the risk the surety assumed.

Appeal from Common Pleas.

Decree for Defendant.

Howell, Roberts & Duncan, Cleveland, for Fidelity & Casualty Co. of N. Y.

Attorney General, of Ohio, for Union Savings Bank Co. et.

### STATEMENT OF FACTS.

The lower court sustained a demurrer of the defendant to the petition of the plaintiff on the ground that the petition did not contain facts sufficient to constitute a cause of action.

The defendant, the Union Savings Bank Company of Yorkville, Ohio, became insolvent and its assets were taken over by the State Superintendent of Banks. The bank under the provision of the statute had become a depositary of state funds. At the time of its failure it owed the state a sum of money amounting approximately to $25,000. To secure the deposit the bank furnished a bond with the defendant Fidelity & Casualty Co. of New York as surety. The bank being unable to pay the State Treasurer the amount of the deposit, the surety was required, under the terms of the bond, to satisfy said indebtedness. Thereafter the plaintiff presented to the Superintendent of Banks a claim for allowance in full as a preference over the claims of the general depositors of the bank. This the Superintendent refused and this action was instituted asking the court for an order requiring him to do so.

In support of the plaintiff's contention it is urged that the State of Ohio by reason of its sovereign power had such preference over other depositors of the bank, and that its claim should therefore first be paid out of the assets of the bank on account of such preference and prerogative of the state; that the plaintiff on paying the state was subrogated to such preferential right. This claim is based on the theory that, except where modified by statute, the common law obtains in Ohio and that this right, having been a royal prerogative of the crown of England, is now vested and is inherent in the sovereign power of the government.

THOMAS, J.

In the determination of the existence of this prerogative right we find ourselves inquiring whence it came.

What is the source of all governmental power in our state? Are the people of our state controlled and limited by the constitution and laws of any foreign power simply because at a time when the state was without a code the courts adopted the principles and usages of the common law? Is not the only source of sovereign power in the people themselves? When our Federal government was organized was it not declared that all power was inherent in the people of this nation, and that they had the exclusive right to organize a government which derived its power from their consent alone? If this is not true, what place has the Declaration of Independence in our governmental structure? This great charter has very appropriately been carried along side by side with our constitution in our codified statutes. Our opinion is that this Declaration is a part of the law of this state, as much so as its constitution and statutes. Without its adoption and maintenance there would have been no federal or state constitutions.

We are therefore confronted with a question of constitutional law, and it is necessary for us to consider fundamentals. In doing so we are but carrying out the mandate of the sovereign power expressed in our state constitution as found in Article VIII, Section 18.

So that we feel warranted to quote from some of these ancient documents. We shall begin with the Declaration of Independence, which says:

"We hold these truths to be self-evident, that all men are created equal

and have certain inalienable rights. . . . That to secure these rights governments are instituted among men, deriving their just powers from the consent of the governed."

Section 1 of Art. VIII of the Ohio constitution is as follows:

(Here follows a quotation of this section.)

Section 28 of Art. VIII of the Ohio constitution is as follows:

(Here follows a quotation of this section.)

Section 4 of Art. VIII says:

"Private property ought and shall ever be held inviolate," etc.

The distinguishing and fundamental characteristic of our federal and state governments, as distinguished from European governments, recognizes first and foremost the rights of the individual as against the state. Our conclusion is that any prerogatives the state may have, do not come from the common law, but from the sovereign power of the people and must be looked for in the grant of powers expressed in the constitution itself, or at least in the statutes. There is no such prerogative or preferential right in the Ohio constitution or its statutes, either express or implied. And keeping in mind that when the constitution was adopted, the people for themselves collectively and individually announced that:

"All powers not herein expressly delegated remain with the people."

There seem to be no adjudicated cases in this state bearing directly on the question involved and for that reason we feel at liberty to adhere to what we conceive to be those principles that are consistent with the maxims of equity. Here we find a surety paid out of the funds of the depositors of the bank for the risk the surety assumed. If the contentions of the plaintiff are to be upheld there would be little if any risk or hazard incurred by the surety. Why was the ordinary premium paid the surety if there was not the usual hazard? Why should one depositor, paid interest on its deposit, be preferred over other depositors who perhaps received no interest? Equality is not only equity but it is the policy of the government expressed in the constitution.

In the case: In re Liquidation of Osborne Bank, 1 Ohio App. 140, is to be found a holding applicable to the one in the case at bar.

Such holding is announced in Ruling Case Law under the subject "Banks" in paragraph 273.

The law is plainly enunciated by Chancellor Kent in his Commentaries 248 (c)

The learned author further states in construing a Federal statute granting a preference in a similar case that:

"It must be strictly construed being in derogation of the common right of creditors of the same class to be equally paid."

Similar holdings are to be found in the Supreme Court of South Carolina: State v. Harris. 2 Bailey 598; Keckley v. Keckley 2 Hill's S. C. Ch. 250-256 and in the case of Banking Commissioners v. Chelsea Savings Bank, 161 Michigan. Page 691.

Such preference has been denied by the Supreme Court of the United States in the case of Cooke County National Bank et al v. United States. 107 U. S. page 445.

Our conclusion is that any preference or prerogative, such as claimed by the plaintiff, can not come from the common law. but that it must be derived from the constitution of the state or the statutes. There is no author-

ity therein granted, and if so, the state is not authorized to assign it to an individual or private corporation.

The finding of the court therefore is for the defendant. The petition of the plaintiff is dismissed.

(Farr, J., and Roberts, J., concur.)

(Thomas, J., of the Fourth District, sitting by designation in the place of Pollock, J.)